IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AQUILA P. NUGENT,
ANDREW NUGENT,

      Plaintiffs,                              No. CIV S-12-91 GEB EFB PS

      vs.

FEDERAL HOME LOAN MORTGAGE
CORPORATION, and DOES 1-20,

      Defendants.                            <u>ORDER TO SHOW CAUSE</u>

                                   /

      This case, in which plaintiffs are proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On January 12, 2012, defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") removed this action from Solano County Superior Court. Dckt. No. 1. Freddie Mac then filed a motion to dismiss the complaint and noticed the motion to be heard on March 7, 2012. Dckt. No. 8.

      Court records reflect that plaintiffs have filed neither an opposition nor a statement of non-opposition to Freddie Mac's motion. Local Rule 230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must be served upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing date or, in this instance, by February 22, 2012. Local Rule 230(c) further provides that "[n]o party will

1

be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."

Local Rule 183, governing persons appearing in pro se, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction. Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." *See also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1. The hearing on Freddie Mac's motion to dismiss, Dckt. No. 8, is continued to April 18, 2012.

2. Plaintiffs shall show cause, in writing, no later than April 4, 2012, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to the pending motion.

3. Plaintiffs shall file an opposition to the motion, or a statement of non-opposition thereto, no later than April 4, 2012.

4. Failure of plaintiffs to file an opposition will be deemed a statement of non-opposition to the pending motion, and may result in a recommendation that this action be dismissed for lack of prosecution and/or for failure to comply with court orders and this court's Local Rules. *See* Fed. R. Civ. P. 41(b).

////

////

////

2

5. Freddie Mac may file a reply to plaintiffs' opposition on or before April 11, 2012.

SO ORDERED.

DATED: February 27, 2012.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE