IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AQUILA P. NUGENT, ANDREW NUGENT,  )
                                          )     2:12-cv-00091-GEB-EFB
                Plaintiffs,                 )
                                          )
             v.                          )     <u>ORDER GRANTING LEAVE TO FILE</u>
                                          )     <u>SECOND AMENDED COMPLAINT</u>
FEDERAL HOME LOAN MORTGAGE        )
CORPORATION, and DOES 1 to 20,    )
inclusive,                           )
                                          )
                Defendants.                 )
_____ )

          Plaintiffs move for leave under Federal Rule of Civil Procedure ("Rule") 15(a) to file the Second Amended Complaint ("SAC") attached to their motion. Plaintiffs argue this SAC "adds causes of action to identify the relevant legal basis for recovery and more clearly describes the Plaintiffs['] claim[s;] . . . clarifies the timing and posture of the case[; and] . . . adds Wells Fargo Home Mortgage as a defendant[.]" (Pls.' Mot. to Amend 4:10-15.) Defendant Federal Home Loan Mortgage Corporation ("Defendant") opposes the motion, arguing "[l]eave to amend should be denied because . . . Plaintiffs' undue delay, bad faith, dilatory motives, and repeated failure to state a proper claim[] caus[e it] . . . undue prejudice." (Def.'s Opp'n 3:2-3 & 3:26-27.) Defendant also argues it "has been significantly prejudiced, and continues to be prejudiced, by an inability to market and sell the [subject] property in a declining real estate market, while [Plaintiffs] continue to pursue . . . litigation." (Def.'s Opp'n 3:22-24.)

1   Rule 15(a)(2) prescribes that "[t]he court should freely give leave [to amend] when justice so requires." "This [leave] policy is 'to be applied with extreme liberality.'" <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted). "Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." <u>DCD Programs, Ltd. v. Leighton</u>, 833 F.2d 183, 186 (9th Cir. 1987).

"Delay alone is insufficient to justify denial of leave to amend[.]" <u>Jones v. Bates</u>, 127 F.3d 839, 847 n.8 (9th Cir. 1997) (citations omitted). "Of the factors, prejudice to the opposing party is the touchstone of the inquiry under rule 15(a) and carries the greatest weight. Absent prejudice or a strong showing on other factors, a presumption exists under Rule 15(a) favoring granting leave to amend. The party opposing a motion to amend bears the burden of showing prejudice. <u>Jara v. Aurora Loan Servs. LLC</u>, No. CV 11-00419, 2011 WL 4536898, at *2 (N.D. Cal. Sept. 30, 2011) (internal quotation marks and citations omitted).

Defendant has not shown that the leave factors favor denying Plaintiffs' motion for leave. Therefore, Plaintiffs' motion is granted, and Plaintiffs have three (3) court days from the date on which this order is filed within which to file the Second Amended Complaint attached to their motion.

Dated: May 11, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge